UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

ROBERT R. GAGNE                                                                                           PLAINTIFF

V.                                                                             CIVIL ACTION NO. 1:06cv711-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                   DEFENDANTS
AND JOHN DOES 1-10

**MEMORANDUM OPINION**

This cause of action arises from the loss incurred and insurance claim made as a result of Hurricane Katrina on August 29, 2005. Defendant State Farm Fire and Casualty Company (State Farm) has filed a [10] Motion to Dismiss and a [12] Motion for More Definite Statement. These requests are aimed primarily at Counts 8, 9, and 10 of the [1] Complaint. Because of the legal standards to be applied under Fed. R. Civ. P. 12(b)(6), discussed *infra*, it is appropriate to set forth these allegations in full:

COUNT EIGHT
Deprivation of Constitutional Rights under the United States Constitution, Fifth and Fourteenth Amendments

Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraph 1-74 of the Complaint.

State Farm's refusal to give valid and adequate notice of their reason for denying plaintiff's claim is a conscience [sic] attempt to deprive him of a reasonable opportunity to defend his property rights in a timely manner under the statutory scheme as it exists and is being administered in Mississippi. State Farm admits wind damage, cites an after-the-fact exclusion possibility, and then refuses to pay on the policy.

This strategy, which has not been prohibited by the regulatory authorities within this state, deprives the plaintiff of his property, shifts the burden of proof to him, shifts the duty to adjust the claim to him and results in a [sic] unconstitutional delay in justice that is of such a significant nature that it violates the fundamental principals [sic] of due process of law. "A due process violation requires that the party be deprived of a protected property interest." *Tucker v. Hinds County*, 558 So.2d 869, 873 (Miss. 1990).

When a citizen loses their [sic] home and all of their [sic] belongings and the highly regulated insurance industry is allowed to effectively abrogate their obligations under the Mississippi statutory scheme thereby conveniently bankrupting the

individual–they have denied them due process of law.  How can a citizen assume State Farm's obligation of adjusting the wind related claims when he has just suffered the loss of his home and all of his possessions?  Any statutory scheme that allows this to happen is unconstitutional *per se*.

As a quasi-governmental agency, State Farm has deprived the plaintiff of substantial rights under the United States Constitution and the Mississippi Constitution.  State action requires *both* an alleged constitutional deprivation caused by acts taken pursuant to state law *and* that the allegedly unconstitutional conduct be fairly attributable to the State.  *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed..2d 482 (1982).  Whether such a nexus exists, depends on, among other things, whether the State has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.

The collusion between the state regulatory scheme, the state regulators and State Farm not only in allowing, but *encouraging* State Farm's tactic of bankrupting the homeowners of Mississippi so that they can not ever effectively assert their fundamental property claims (without expending exorbitant amounts of money prior to their day in court) in a timely or fair way amounts to a fundamental deprivation of due process of law.  Defendants are liable under 42 USC 1983 and 42 USC 1988 for damages, costs, punitive damages in the amount of $25,000,000, attorney's fees and all other equitable relief allowed under the law.  The punitive damage claim is necessary to ensure that such systematic patterns of reckless disregard for the rights of Plaintiff and other similarly situated citizens never, ever happens again.  We got rolled by Katrina but State Farm miscalculated when they decided to try and roll us again.

## COUNT NINE
### Deprivation of Constitutional Rights under the Mississippi Constitution, Article 3, Section 14

Plaintiff hereby incorporates and adopts each and every allegation set forth in paragraphs 1-80 of the Complaint.

Defendants are liable under the Mississippi Constitution, Article 3, Section 14 for damages, costs, punitive damages, attorney's fees and all other equitable relief allowed under the law.  The punitive damage claim is necessary to ensure that such systematic patterns of reckless disregard for the rights of Plaintiff and other similarly situated citizens never, ever happens again.

## COUNT TEN
### State Farm Officers' and Board Members' Egregious Conduct Exposes them to Personal Liability that is not Protected by the Corporate Veil and/or the Business Judgment Rule, or any other Protection Afforded Executives in a Corporation

Plaintiff hereby incorporates and adopts each and every allegation set forth in paragraphs 1-82 of the Complaint.

> Upon information and belief, Plaintiff will show at trial the top officials in State Farm made a conscious and ultra vires corporate decision to defraud the Plaintiff and similarly situated homeowners in the State of Mississippi through collusion, economic duress and coercion of regulators, adjustors, their agents, engineering firms and the like.
>
> The fraud that has been perpetuated upon Plaintiff and the citizens of South Mississippi is one of the great immoral acts in this great country's history.  A great country will not allow it to stand.
>
> The systematic scheme was conceived, adopted, acquiesced to and implemented by the State Farm Board of Directors, and their corporate officers to violate their fiduciary duty to their insured, engage in fraudulent practices and exposes the individuals responsible to personal liability for damages, costs, punitive damages, attorney's fees and all other equitable relief allowed under the law.
>
> Said Defendants are people or entities affiliated with defendant and/or have acted in concert with Defendant and whose identities are currently unknown.  All allegations and claims asserted herein against Defendant are incorporated herein by reference against said Defendants.  Said John Does, when their identities are known, will be identified by name and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.

(Emphasis in original).

Even after the Court afforded Plaintiff an opportunity to respond to Defendant's motions [15], he has offered no relevant authority in opposition.  For example, in *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 102 S.Ct. 2744 (1982), the Supreme Court recognized that "[w]hile private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action."  102 S.Ct. at 2756.  From this, it held that "Petitioner did present a valid cause of action under § 1983 insofar as he challenged the constitutionality of the Virginia statute; he did not insofar as he challenged only misuse or abuse of the statute."  *Id.*  Another case cited by Plaintiff, *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187 (1965), involved the constitutionality of adoption proceedings in Texas.

It is well established that "[i]n § 1983 cases, 'we consistently require the claimant to state specific facts, not merely conclusory allegations.'" *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)(citations omitted).  Further, "'[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of . . . conspiracy under 42 U.S.C.A. § 1983." *Id.* (citation omitted).  *See also Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993)(in considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

Except to exhibit harsh feelings about the mediation program instituted through the

Mississippi Insurance Commissioner's office, which is voluntary and still allows the pursuit of legal redress in a court of competent jurisdiction if not successful, Plaintiff offers nothing more than conclusions masked as facts as to claims based on 42 U.S.C.§ 1983, the United States Constitution, and the Mississippi Constitution.  Counts Eight and Nine of the complaint are subject to dismissal.  *See Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986)("Although private acts may support an action for liability under 42 U.S.C. § 1983 if the individual is a 'willing participant in a joint action with the state or its agents,' [Plaintiff's] complaint in the present case does not state any factual basis to support his conspiracy charges.")(citations omitted).

The same applies to Count Ten's aim at State Farm's corporate officers and board members.  Plaintiff's generalized allegations in this regard are nothing more than claims against State Farm.  *Cf. Webb v. Culberson, Heller, & Norton, Inc.*, 357 F. Supp. 923 (N.D. Miss. 1973)(no personal jurisdiction over individual officers of corporation where there were no allegations they committed any act of a personal nature except in connection with the corporate affairs, and jurisdiction over individual officers of corporation cannot be predicated merely upon jurisdiction over the corporation itself).  Count Ten will be dismissed, also.

Defendant's motion to dismiss also touches upon Count Three of the complaint, which is entitled "Indemnity."  At its heart, Plaintiff's cause of action is for breach of an insurance contract and related issues, such as the duty of good faith and fair dealing and improper claim handling.  Separate counts are also grounded on unjust enrichment/constructive trust, declaration of insurance coverage, negligence, and specific performance.  For the time being, and because of the standards for considering Fed. R. Civ. P. 12(b)(6) motions, the Court will allow these theories to go forward as part of the overall breach of contract claim.

In light of the above dispositions, it is not necessary to address Defendant's [12] Motion for More Definite Statement.  A separate order shall issue.  Decided this the 16th day of November, 2006.

                                              s/ *L. T. Senter, Jr.*
                                              L. T. Senter, Jr.
                                              Senior Judge