UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

ROBERT R. GAGNE                                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 1:06cv711-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY;          DEFENDANTS
JOHN D. OSTERAAS; STEVEN SHEKERLIAN;
EXPONENT, INC.; CALVIN THOMAS; THOMAS & LUTH, INC.;
THOMAS, LUTH, AND ASSOCIATES, INC.; AND JOHN DOES 1-10

## **ORDER**

      This Court [17] [18] dismissed Counts Eight, Nine, and Ten of the [1] original complaint filed solely against Defendant State Farm Fire and Casualty Company (State Farm). Plaintiff has [136] amended his complaint to pursue additional recovery from John D. Osteraas, Steven Shekerlian, Exponent, Inc., Calvin Thomas, Thomas & Luth, Inc., and Thomas, Luth, and Associates, Inc., who, in their [140] Motion to Dismiss, refer to themselves collectively as "the engineering defendants" (this order will follow suit with such reference).

      Much like the original complaint against State Farm (which went so far as to outright–and erroneously–assert liability under 42 U.S.C. § 1983), Plaintiff's amended complaint adding the engineering defendants, as well as his response to their motion to dismiss, gets bogged down in esoteric legal language and theory. The engineering defendants are correct that they are not parties to the insurance contract between State Farm and the Plaintiff, and there was no contract between the engineering defendants and Plaintiff. The mere fact that Plaintiff is suing for what he believes is the improper denial of his Hurricane Katrina insurance claim is conclusive evidence that he did not detrimentally rely on any alleged wrongdoing by the engineering defendants or that any fraud, which also requires reliance, was committed by them. While on the subject of fraud, Plaintiff's allegations are so general and conclusory that they do not satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b).

      However, that does not end the Court's inquiry. The engineering defendants performed causation evaluations on behalf of State Farm as part of the claim process. Plaintiff alleges, although not in a very articulate way, that these defendants, for example, suppressed evidence, or otherwise omitted or concealed relevant information, and filed false reports. Plaintiff specifically charges the engineering defendants with reckless, intentional, willful, wanton, grossly negligent, malicious, and/or abusive behavior.

      Plaintiff's cause of action against the engineering defendants should be straightforward. It appears that the engineering defendants acted in the capacity of an adjuster or administrative

agent in connection with the Plaintiff's claim.  Under Mississippi law, an adjuster does not owe the insured a fiduciary duty nor a duty to act in good faith.  *Bass v. California Life Insurance Co.*, 581 So. 2d 1087, 1090 (Miss. 1991).  Relying on *Dunn v. State Farm Fire & Casualty Co.*, 711 F. Supp. 1359 (N.D. Miss. 1987), *Bass* adopted the standard that "an adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim. . . . However, an adjuster is not liable for simple negligence in adjusting a claim." 581 So. 2d at 1090. Therefore, an adjuster "can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Id.*

These concepts are not new to this Court.  *See Aiken v. Rimkus Consulting Group, Inc., et al.*, No. 1:06cv741.  *Brown v. State Farm Fire and Casualty Insurance Company*, No. 1:06cv199, on which the engineering defendants' place reliance, was decided at the summary judgment stage as it pertained to the engineers.  That standard is different from a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (discussing 12(b)(6) motions).

As previously observed [17], Plaintiff's cause of action at its heart is for breach of contract and related issues, such as the duty of good faith and fair dealing and improper claim handling.  Because of the standards for considering Fed. R. Civ. P. 12(b)(6) motions, the Court will allow Plaintiff's cause of action against the engineering defendants to go forward.

The Court is not eliminating the ultimate possibility of relief under Fed. R. Civ. P. 56. Plaintiff's counsel are admonished that this cause of action against each specific engineering defendant will also be examined under the light of Fed. R. Civ. P. 11.

Accordingly, **IT IS ORDERED**:

The engineering defendants' [140] Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's cause of action against the engineering defendants may proceed only on the issue of whether they acted in a grossly negligent manner, maliciously, or in reckless disregard of the Plaintiff's rights as to the investigation of his insurance claim.  All other theories are hereby **DISMISSED**.

**SO ORDERED** this the 6th day of March, 2008.

                                               s/ <u>L. T. Senter, Jr.</u>
                                               L. T. SENTER, JR.
                                               SENIOR JUDGE