UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT R. GAGNE                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:06cv711-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY;                             DEFENDANTS
JOHN D. OSTERAAS; STEVEN SHEKERLIAN;
EXPONENT, INC.; CALVIN THOMAS; THOMAS & LUTH, INC.,;
AND JOHN DOES 1-10

## ORDER OF PARTIAL DISMISSAL

In its [163] Order granting in part and denying in part the [140] Motion to Dismiss filed by the parties known collectively as the "engineering defendants," this Court allowed Plaintiff's cause of action against these defendants to go forward, but did not eliminate the ultimate possibility of relief under Fed. R. Civ. P. 56. After a significant amount of discovery, as reflected by the docket sheet, the engineering defendants filed motions for summary judgment as follows: [422] (Calvin Thomas); [426] (Exponent, Inc.); [428] (John D. Osteraas); [430] (Steven Shekerlian); and [432] (Thomas & Luth, Inc.). These same defendants also joined in several motions filed by defendant State Farm Fire and Casualty Company (State Farm). *See, e.g.,* joinders at docket entries [439], [445], [447], [458], and [463].

On December 22, 2008, Plaintiff received an extension of time to file responses to almost all pending motions. On December 29, Plaintiff filed a [486] Motion to Dismiss engineering defendants Shekerlian, Thomas, Osteraas, and Thomas & Luth, Inc., and the next day filed a [489] response to engineering defendant Exponent, Inc.'s [426] Motion for Summary Judgment.

Plaintiff neither cites authority nor offers argument for his [486] motion to dismiss. It is presumed that Fed. R. Civ. P. 41(a)(2) is the source of the request for relief, since subsection (a)(1) does not apply. While not explaining the reasons for his motion, Plaintiff at least seeks dismissal with prejudice. The affected Defendants have not replied to Plaintiff's request to dismiss them. *See* Uniform Local Rule 7.2(C)(2) ("If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed.").

Accordingly, **IT IS ORDERED**:

Plaintiff's [486] Motion to Dismiss all claims against Defendants Steven Shekerlian, John Osteraas, Calvin Thomas, and Thomas & Luth, Inc. is **GRANTED,** and all claims arising from this cause of action against said Defendants are hereby **DISMISSED**, **WITH PREJUDICE**,

with each party to bear its own costs.

As a result of these dismissals, **IT IS FURTHER ORDERED**:

Defendant Calvin Thomas's [422] Motion for Summary Judgment is **MOOT**;

Defendant John D. Osteraas's [428] Motion for Summary Judgment is **MOOT**;

Defendant Steven Shekerlian's [430] Motion for Summary Judgment is **MOOT**;

Defendant Thomas & Luth, Inc.'s [432] Motion for Summary Judgment is **MOOT**;

These Defendants' [471] Motion to Strike Plaintiff's "Evidence" of Out-of-State Conduct is **MOOT**.

**SO ORDERED** this the 21st day of January, 2009.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE